**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SUSAN OAKES, individually and on behalf of and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MID AMERICA PHYSICIAN SERVICES, LLC,<br><br>Defendant. | Case No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Mid America Physician Services, LLC. ("MAPS") removes the above-entitled action from the District Court of Johnson Couty, Kansas, to the United States District Court for District of Kansas on the grounds of original jurisdiction under the Class Action Fairness Act ("CAFA"). In support of this Notice of Removal, and in accordance with 28 U.S.C. § 1446, MAPS states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff Susan Oakes filed a Class Action Petition (the "Petition") in the District Court of Johnson County, Kansas, on July 24, 2025, captioned *Oakes v. Mid America Physician Services, LLC,* Case No. JO-2025-CV-001833 (the "State Court Action").

2. On August 1, 2025, process of this lawsuit was served on MAPS' registered agent. This process included a summons and the Class Action Petition.

3. MAPS has not filed a responsive pleading in the District Court of Johnson County, Kansas.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon MAPS are attached as Exhibit A.

5. For reference, a copy of the Petition is attached as Exhibit B.

## NOTICE

6. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, MAPS will file a Notice to Clerk of Removal with the Clerk of the District Court of Johnson County, Kansas, and will attach a copy of this Notice of Removal. A copy of the Notice to Clerk of Removal is attached as Exhibit C.

7. Further, a copy of the Notice of Removal is being served upon counsel for Oakes.

## FACTUAL ALLEGATIONS[1]

8. Plaintiff Susan Oakes (Oakes") is a citizen of Kansas who resides in Johnson County Kansas. Petition at ¶ 24.

9. Defendant MAPS is a healthcare provider and a Kansas limited liability company based in Johnson County Kansas. *Id.* ¶ 25.

10. Oakes alleges that MAPS failed to comply with Federal Trade Commission ("FTC") guidelines. *Id.* ¶¶ 80-89.

11. Additionally, Oakes alleges that MAPS failed to comply with HIPAA Guidelines. *Id.* ¶¶ 90-103.

12. Oakes further alleges that MAPS failed to comply with industry standards. *Id.* ¶¶ 104-108.

[1] MAPS denies that Oakes, and/or the putative classes, are entitled to any relief from MAPS, including any of the relief requested in the Petition. Unless otherwise indicated, MAPS presents the factual allegations as presented in the State Court Action Petition, without acknowledgment of their truth or falsity. MAPS will subsequently respond to the Petition if and when required, and reserves all defenses, both procedural and substantive.

13. Further, Oakes claims that Defendant's alleged failures caused a security breach which allowed highly sensitive data, including PII and PHI, to be stolen and used for fraudulent purposes.

14. Oakes additionally claims immediate and long-term costs to her and the unidentified class.

15. The Petition does not identify the amount of damages sought by Oakes and the putative classes. Instead, Oakes and the putative classes pray for judgment "in excess of $25,000," and for court costs, pre- and post-judgment interest, and such further relief as the Court deems fair. *Id.* ¶ 130 (prayer for relief).

## GROUNDS FOR REMOVAL

### A. Removal is Timely.

16. Removal of the State Court Action is timely because this Notice of Removal is filed within 30 days after August 1, 2025. 28 U.S.C. §§ 1446(b)(1); Fed. R. Civ. P. 6(a).

### B. Venue is Proper in this District and Division

17. Venue lies in this Court because the State Court Action was originally filed in Johnson County, Kansas, which is within the geographic boundaries of the United States District Court for the District of Kansas. 28 U.S.C. § 105; 28 U.S.C. § 1441(a).

### C. This Court has Subject Matter Jurisdiction Under CAFA

18. Congress passed CAFA to expand federal jurisdiction over class actions. *See* Pub.L. No. 109-2, 119 Stat. 4(2)(B) (CAFA seeks to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction."); S. Rep. No. 109-14, p. 43 (CAFA "is intended to expand substantially federal court jurisdiction over class actions").

19. To effectuate its purposes, Congress directed that CAFA "should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." *Id.* As the Supreme Court has held, there is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

20. CAFA authorizes removal of putative class actions if: (1) there exists minimal diversity of citizenship; (2) the proposed class contains at least 100 members; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6); *Dart Cherokee Basin*, 574 U.S. at 84-85.

21. MAPS disputes both liability and damages in this matter. The focus on removal, however, is not an assessment of the merits but rather of the "amount in controversy" as framed by the pleadings and the plausible allegations set forth in this Notice of Removal. *Dart Cherokee Basin*, 574 U.S. at 89.

22. For the purpose of determining whether the Court must exercise federal subject matter jurisdiction, this dispute falls within the scope of CAFA.

**1. Minimal Diversity Exists**

23. To establish federal jurisdiction, CAFA requires only "minimal diversity," meaning that at least one member of the putative plaintiff class is of diverse citizenship from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

24. Upon information and belief, members of the putative class include individuals who reside and are domiciled outside the state of Kansas. MAPS regularly provides healthcare services to patients from both Kansas and Missouri, as well as from other neighboring states. Given the nature of Defendant's practice and the scope of the alleged data breach, which purportedly exposed

the PII and PHI of a large number of current and former patients, it is more than plausible that at least one member of the putative class is a citizen of a state other than Kansas. Minimal diversity therefore exists for purposes of 28 U.S.C. § 1332(d)(2)(A).

**2. The Proposed Class Contains at Least 100 Members.**

25. Under CAFA, the putative class must also consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5).

26. The face of the Petition establishes that the putative classes taken together (and also individually) consist of at least 100 members.

**3. The Amount in Controversy Exceeds $5,000,000.**

27. Under CAFA, the claims of the individual members of a putative class are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

28. The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (*quoting Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010)). This requirement thus focuses on what the plaintiff is claiming, "not whether plaintiff is likely to win or be awarded everything he seeks," and the removing defendant therefore "need not 'confess liability in order to show that the controversy exceeds the threshold.'" *Hartis v. Chicago Title Ins. Co*., 694 F.3d 935, 945 (8th Cir. 2012) (citations omitted).

29. Where, as here, "the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Pirozzi v. Massage Envy Franchising, LLC,* 938 F.3d 981, 983 (8th Cir. 2019) (*quoting Dart Cherokee Basin*, 574 U.S. at 89).

30. This burden is not a heavy one. The removing defendant's obligation is "to establish 'not whether the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Id.* at 984 (*quoting Hartis*, 694 F.3d at 944 (citations omitted) (emphasis in original)).

31. The removing defendant's burden is thus "a pleading requirement, not a demand for proof." *McKinnon v. Restoration Hardware, Inc.*, Case No. 4:21CV00605-SEP, 2022 WL 970882, at * 1 (E.D. Mo. 2022) (*citing Pirozzi*, 938 F.3d at 984). Only if and when a plaintiff challenges a removing defendant's assertion of the amount in controversy do "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Lizama v. Victoria's Secret Stores, LLC*, Case No. 4:21CV763 HEA, 2021 WL 6125034, at *2 (E.D. Mo. 2021) (*citing Dart Cherokee Basin*, 547 U.S. at 88).

32. In fact, when the notice of removal plausibly alleges that the class might recover actual damages, injunctive relief, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much. *Pirozzi,* 938 F.3d at 984 (citations omitted).

33. Here, it is more than plausible that aggregated damages of the class will exceed $5 million. MAPS serves a large number of patients. Upon information and belief, the putative class may include thousands of patients claiming similar damages to Oakes. Their alleged damages, when combined with attorneys' fees, would easily meet the $5 million threshold.

Respectfully submitted,

LATHROP GPM LLP

*/s/ Kathleen Fisher Enyeart*
Kathleen Fisher Enyeart (KS #25203)
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
kathleen.fisherenyeart@lathropgpm.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2025, a copy of the above pleading was served via the District Court ECM/ECF system, and by Electronic Mail, on all counsel of record.

/s/ *Kathleen Fisher Enyeart*
An Attorney for Defendant
.